STATE OF MAINE
Androscoggin, SS.

RECEIVED & FILED

FEB 26 2002

ANDROSCOGGIN
SUPERIOR COURT

SUPERIOR COURT
Civil Action
Docket No. AP-01-001
TED- AVL - 2/26/2002

MATTHEW OBERLANDER,

Petitioner

v.

DECISION AND
ORDER ON APPEAL

MAINE DEPARTMENT OF LABOR
MAINE UNEMPLOYMENT INSURANCE
COMMISSION,

Respondent

DONALD L. GARBRECHT
LAW LIBRARY

MAR 13 2002

## I. BACKGROUND

This is an appeal from a decision of the Commission that the petitioner voluntarily left his employment without good cause, and is therefore disqualified from receiving unemployment benefits.

In June 2000, Appellant Oberlander accepted a position as a special education teacher at The Spurwink SchooL; a school for behaviorally disordered high school students. Oberlander had never had a full-time job in this sort of position, although he had worked in the past as a "per diem" employee in a similar capacity with another employer.

It is not disputed that this is a stressful position and that some of the students made threats or were verbally abusive. The Commission contends that these are not uncommon behaviors among this population; a fact that Oberlander was allegedly aware of prior to taking the position.

Oberlander received training in "therapeutic holding," which is a method to restrain a student in a crisis, but claims that he was not given any further instruction on ways to prevent or cope with such occurrences. The position caused Oberlander considerable stress, which he believed to be having an impact upon his physical and mental health.

Oberlander requested an alternative position working with autistic or developmentally disabled students, but no such position was available at the time. He was offered an overnight position in the residential facility, but declined the position. He resigned on October 29, 2000.

## II. DISCUSSION

This court's review of the Commission's decision is limited to determining whether the Commission correctly applied the law and whether its fact findings are supported by any competent evidence. The court "will not disturb a decision of the Commission unless the record before the Commission compels a contrary result." *McPherson v. Unemployment Ins. Comm'n*, 714 A.2d 818 (Me. 1998).

In *Henry v. Maine Unemployment Ins. Comm'n*, the Law Court stated that good cause for voluntarily resigning employment "must be measured against an objective standard of reasonableness under all the circumstances." 518 A.2d 1046, 1049 (Me. 1986) (quoting *Spear v. Maine Unemp. Ins. Comm'n*, 505 A.2d 82, 84 (Me. 1986)). The Henry Court went on to state that, "good cause exists when the pressure of real, substantial and reasonable circumstances compels the employee to leave.

2

The employee must be forced to quit because of outward pressures." *Id.* (citing *Toothtaker v. Maine Employment Sec. Comm'n*, 217 A.2d 203, 207 (Me. 1966)).

Even though the record may support a finding that the petitioner worked in a hostile environment, that the threats and abusive language to which he was exposed created a very real, substantial, and reasonable basis for him to leave the school, Maine law requires a change in working conditions as a prerequisite to allowing an employee to leave work for good cause on the grounds that his physical or mental health is being impacted. *See, e.g. Therrien v. Maine Employment Security Comm'n*, 370 A.2d 1385 (Me. 1977) (change in industrial methods would provide good cause); *Merrow v. Maine Unemp. Ins. Comm'n*, 495 A.2d 1197 (Me. 1985) (additional duties for the employee); *Paige v. Maine Empl. Sec. Comm'n*, 391 A.2d 321, 325 (Me. 1978) (employee transferred to a new facility).

In addition, the court finds that the record does not show a sufficient reason for his resignation *vis-a-vis* accepting the alternative working arrangement. The issue of money that he now raises on appeal, was not raised before the Commission. The only reasons that Oberlander gave at the hearing for not accepting the other position was that there were "no guarantees of relief," and "I was ready to leave." (T. hearing, 12/29/00, p. 13).

### III. CONCLUSION AND DECISION

The Commission's decision was based primarily on *Therrien* and the fact that there had been no change in Oberlander's employment. Oberlander's refusal to

accept an alternative position carried great weight. The Commission's conclusions are supported by the law and by the record.

The entry will be:

Decision of the Commission is affirmed.

So Ordered.

DATED: February 26, 2002

_____
Thomas E. Delahanty II
Justice, Superior Court

4

Date Filed __February 6, 2001__ __ANDROSCOGGIN__ Docket No. ___AP-01-01___

ς𝑅

County

Action __APPEAL OF UNEMPLOYMENT DECISION____

MATTHEW OBERLANDER
24 Leeds St., Apt 7
Lewiston, ME 04240

STATE OF MAINE
UNEMPLOYMENT INSURANCE COMMISSION
Yarmouth, Maine

vs.

| Plaintiff's Attorney | Defendant's Attorney |
|---|---|
| Pro Se | Pamela W. Waite, AAG    (2-22-01) |
| | Elizabeth J. Wyman, AAG |
| | DEPARTMENT OF THE ATTORNEY GENERAL |
| | 6 State House Station |
| | Augusta, ME. 04333-0006 |

| Date of Entry | |
|---|---|
| 2000 Feb. 20: | Received 2-6-01. Summary Sheet, filed. Notice of Appeal with attachments, filed. |
| Feb. 22: | Received 2-22-01. Correspondence from Pamela W. Waite, AAG and Elizabeth J. Wyman, AAG RE: Entering their appearances on behalf of Maine Unemployment Insurance Commission, filed. |
| March 12: | Received 3-12-01. Certification of Record, filed. |
| " " | On 3-12-01. Notice and Briefing Schedule Rule 80C Appeal of Final Agency Actions mail Matthew Oberlander, Pamela W. Waite, AAG and Elizabeth J. Wyman, AAG on 3-12-01. (Copy in file). (Appellant's Brief due on or before April 23, 2001) |
| April 17: | Received 4-17-01. Appellant's Brief, filed. (Appellee's Brief due on or before May 17, 2001). |
| June 20: | Received 6-18-01. Correspondence from Pamela W. Waite  RE:  requesting extension of time to file brief as never received copy of Appellant's Brief, filed. |
| " " | On 6-20-01. As to Defendant's request to extend time to file brief: (Delahanty, II, J. State to respond by July 23, 2001. Copies mailed Pamela W. Waite, AAG and Matthew Oberlander on 6-20-01. |
| June 28: | Received 6-28-01. Copy of Defendant's request to extend time to file bried mailed Matthew Oberlander at last known address was returned from U.S. Post Office, marke "Return to Sender, Moved Left no Address, Unable to Forward," filed. |

| Date of Entry | Docket No. ___AP-01-01___ |
|---|---|
| **2001**<br>July 24: | Received 7-19-01.<br>Brief of Respondent Maine Unemployment Insurance Commission, filed.<br>(Appellant's Reply Brief due on or before August 20, 2001) |
| Sept. 6: | Received 9-6-01.<br>Copy of Civil Motion List mailed Matthew Oberlander at last known address was returned from U.S. Post Office, marked "Return to Sender, Moved Left no Address, Unable to Forwar," filed. |
| Sept. 24: | On 9-18-01.<br>Oral Argument held this day.<br>No hearing held as Plaintiff did not appear.  Court to make ruling on the pleadings.<br>Delahanty, II, J., Presiding, Electronic Recording, Tape #226, Index No. 1800 -    .  Pamela W. Waite, AAG for the defendants. |
| **2002**<br>Feb. 26: | Received 2-26-02.<br>Decision and Order on Appeal. (Delahanty, II, J.)<br>    This is an appeal from a decision of the commission that the petitioner voluntarily left his employment without good cause, and is therefore disqualified from receiving unemployment benefits.<br>    The entry will be:<br>    Decision of the Commission is affirmed.<br>    So Ordered.<br>Copies mailed Matthew Oberlander, Pamela W. Waite, AAG and Elizabeth J. Wyman, AAG on 2-26-02. |